

# The Attorney General of Texas

April 10, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Garland W. Fulbright
Executive Director
Commission on Fire Protection
  Personnel Standards & Education
510 S. Congress, Suite 406
Austin, Texas 78704

Opinion No. MW-320

Re: Authority of the Commission on Fire Protection Personnel Standards and Education to promulgate mandatory certification requirements for positions other than entry level fire protection personnel

Dear Mr. Fulbright:

You have requested our opinion regarding the authority of the Commission on Fire Protection Personnel Standards and Education to promulgate mandatory certification requirements for inspectors.

Section 2 of article 4413(35), V.T.C.S., empowers the commission to:

> (2) establish minimum educational, training, physical, mental, and moral standards for admission to employment as fire protection personnel in permanent positions or in temporary or probationary status; [and]
>
> (3) certify persons as being qualified under the provisions of this Act to be fire protection personnel;

See also §6(c). Section 2 clearly authorizes the commission to establish minimum certification requirements only "for admission to employment as fire protection personnel." You indicate that persons are not "admitted to employment" as fire inspectors.

In only two instances does the statute allude to certification of specialties in addition to the basic certification: section 2(4) authorizes the board to certify persons as "fire protection instructors," and section 6(h) directs the board to formulate requirements for certification as a marine fireman. In our opinion, the board, except for these two specialties, may establish minimum requirements only for people seeking admission to employment as fire protection personnel. We do not believe the commission has authority to establish certification requirements for an additional

specialty, such as fire inspector. We are supported in this conclusion by reference to other licensing statutes. When the legislature has intended to authorize licensing boards to certify specialties within a basic discipline, it has specifically said so and has delineated the parameters of that authority. See, e.g., V.T.C.S. art. 4512c, S8(b) (Board of Examiners of Psychologists); art. 4512e, SS8, 9 (Board of Physical Therapy Examiners); art. 4582b, S3B (Board of Morticians). See also Attorney General Opinions MW-42 (1979) (Board of Nurse Examiners may not certify advanced nurse practitioners absent statutory authority); H-870 (1976) (Commission on Alcoholism may not certify persons as alcoholism counselors).

We conclude that the Commission on Fire Protection Personnel Standards and Education lacks statutory authority to promulgate mandatory certification requirements for fire inspectors.

## SUMMARY

The Commission on Fire Protection Personnel Standards and Education lacks authority to promulgate mandatory certification requirements for fire inspectors.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Peter Nolan